IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**MICHAEL WILLIS,**

    **Plaintiff,**

v.                                  **Case No. 3:12-cv-03452**

**MICHAEL CLARK, Western Regional
Jail Administrator; LT. ALDRIDGE,
Western Regional Jail Chief of
Security; LARRY PARSONS, Regional
Jail Authority,**

    **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATIONS

Pending before the Court is the initial screening of Plaintiff's *pro se* complaint filed pursuant to 42 U.S.C. § 1983, (ECF No. 2), and an Application to Proceed Without Prepayment of Fees and Costs. (ECF No. 1). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

Plaintiff, Michael Willis ("Willis"), filed his complaint on July 19, 2012, alleging that he was subjected to a range of prison conditions during his incarceration at the Western Regional Jail ("WRJ") in Barboursville, West Virginia that violated his constitutional and civil rights. Willis seeks money damages of $200,000 for "pain and

suffering and future medical expenses to hold the defendants responsible for their negligence." (ECF No. 2 at 5). He also seeks prospective relief "so no other inmate has to go through this again." (ECF No. 2 at 5). For the reasons that follow, the undersigned **FINDS** that the complaint fails to state a claim upon which relief may be granted and, thus, **RECOMMENDS** that the presiding District Judge dismiss the complaint, with prejudice, and remove it from the docket of the Court.

## I. Relevant History and Allegations

Willis alleges that on February 23, 2011, he was placed on suicide watch at WRJ, during which time he was subjected to the following unconstitutional prison conditions:

1. He was only provided a sleeping mat between the hours of 11:30 p.m. and 7 a.m.;
2. He was forced to sleep on the concrete floor within 3.5 to 4 feet of the toilet;
3. He was deprived of soap to wash his hands;
4. He was deprived of eating utensils for his meals; and
5. There was mold on the shower ceiling.

(ECF No. 2 at 4-6).[1] On May 30, 2012, Willis was again placed on suicide watch, during which time he alleges he was deprived of a sleeping mat from 7 a.m. to midnight on June 1, 2012, a duration of 41 hours. (ECF No. 2 at 6). On August 24, 2012, Defendants filed an Answer, praying for dismissal of the Complaint on the following grounds:

1. The Complaint fails to state a claim upon which relief may be granted;

---

[1] Willis also states that there were "video cameras facing the holding cells where [he] was located," (ECF No. 2 at 6), but it is not clear whether he believes such surveillance violated his constitutional rights. "While inmates have a right to be protected from gratuitous and unnecessary observation ... prison officials have an overriding responsibility to take whatever steps may be reasonably necessary, including surveillance of inmates, to maintain prison security. The balance struck between the inmates' limited privacy right and the prison officials' security responsibility must vary with the facts of each case." *MacDonald v. Angelone,* 69 F.Supp.2d 787, 793 (E.D.Va. 1999). Willis alleges no facts that would support a claim that the Defendants' video surveillance constituted an Eighth Amendment violation.

2. The Plaintiff has failed to exhaust the administrative remedies available to him; and

3. This action is barred by the immunity provided by the Eleventh Amendment of the United States Constitution and the sovereign immunity of the State of West Virginia.

(ECF No. 5 at 2). Defendants also assert that Willis was "treated and accommodated in a manner that was consistent with the rules and procedures of the West Virginia Regional Jail and Correctional Facility Authority" and deny that he was subjected to unconstitutional prison conditions. (ECF No. 5 at 2).

## II. Standard of Review

Pursuant to 28 U.S.C. §§ 1915(e) & 1915A, the court must screen each case in which a prisoner applies to proceed *in forma pauperis*, or seeks redress from a governmental entity or officer or employee of a governmental entity, respectively. Under both provisions, the Court must dismiss the case, or any part of it, if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A. A case is "frivolous" if it lacks "an arguable basis either in law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A case lacks an arguable basis in law when it relies upon an indisputably meritless legal theory, *Denton v. Hernandez,* 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992); *Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and lacks an arguable basis in fact when the supporting allegations describe "fantastic or delusional scenarios." *Neitzke,* 490 U.S. at 328. Similarly, a complaint fails to state a compensable claim when viewing the factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint fails to contain enough facts to state a claim that is plausible

on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

In the event of a *pro se* complaint, the court must liberally construe the allegations. *Erickson v. Pardus*, 551 U.S. 89, 94 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). However, even under this less stringent standard, the complaint still must contain sufficient factual allegations to support a cause of action currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir.1990). The court may not rewrite the complaint to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir.1998), develop the plaintiff's legal theories for him, *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir.1993), or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985).

## III. Analysis

### A. Sovereign Immunity

The Eleventh Amendment to the United States Constitution provides "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. art. XI. The sovereign immunity created in this article protects the State itself, as well as its agencies, divisions, departments and officials. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 78 (1989); *see also Regents of the Univ. of California v. Doe,* 519 U.S. 425, 429 (1977) ("[I]t has long been settled that the reference [in the Eleventh Amendment] to actions 'against one of the United States' encompasses not only actions in which a State is actually named as

the defendant, but also certain actions against state agents and state instrumentalities").

An officer of a State acting in his or her official capacity is entitled to sovereign immunity from claims for money damages. *Will,* 491 U.S. at 70. As the Supreme Court explained in *Will*, "a suit brought against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different than a suit against the State itself." *Id.* at 71. "[W]hen the action is in essence one for the recovery of money from the State, the State is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants." *Ford Motor Co. v. Department of Treasury of Ind.*, 323 U.S. 459, 65 S.Ct. 347, 89 L.Ed. (1945).

However, state officials acting in their personal capacities under color of state law are not afforded sovereign immunity from suit. *Hafer v. Melo*, 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). The distinction lies not in "the capacity in which the officer inflicts the alleged injury," but in "the capacity in which the state officer is sued." *Id.* at 26. The "Eleventh Amendment does not erect a barrier against suits to impose 'individual and personal liability' on state officials under § 1983." *Id.* at 30-31 (quoting *Schuerer v. Rhodes,* 416 U.S. 232, 238, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)). The Court will generally look to "the face of the complaint" to determine whether a defendant has been named in his official or individual capacity. *Amos v. Md. Dep't of Pub. Safety & Corr. Servs.,* 126 F.3d 589, 609 (4th Cir. 1997), *vacated on other grounds by* 524 U.S. 935, 118 S.Ct. 2339, 141 L.Ed.2d 710 (1998). Nevertheless, "a plaintiff need not plead expressly the capacity in which he is suing a defendant in order to state a cause of action under § 1983." *Biggs v. Meadows,* 66 F.3d 56, 60 (4th Cir. 1995). "When a plaintiff does

not allege capacity specifically, the court must examine the nature of the plaintiff's claims, the relief sought, and the course of proceedings to determine whether a state official is being sued in a personal capacity." *Biggs*, 66 F.3d at 61. Ultimately, "the underlying inquiry remains whether the [p]laintiff's intention to hold a defendant personally liable can be ascertained fairly." *Biggs*, 66 F.3d at 61.

Additionally, the United States Supreme Court has carved out a limited exception to the Eleventh Amendment immunity in order to permit claims against State officers to enjoin violations of federal law. *Ex Parte Young*, 209 U.S. 123 (1908). Under the *Ex Parte Young* exception, a federal court may "issue prospective injunctive relief against a state officer to prevent ongoing violations of federal law, on the rationale that such a suit is not a suit against the state for purposes of the Eleventh Amendment." *McBurney v. Cuccinelli*, 616 F.3d 393, 399 (4th Cir. 2010). "[T]he *Ex Parte Young* exception is directed at 'officers of the state [who] are clothed with some duty in regard to the enforcement of the laws of the state, *and* who threaten and are about to commence proceedings'" to enforce an unconstitutional act against affected parties. *Id.* (citing *Ex Parte Young*, 209 U.S. at 155-156). The state officer being sued must have "proximity to and responsibility for the challenged state action" before the exception can be invoked. *Id.*

In the present case, Willis alleges that defendants Clark, Aldridge, and Parsons violated his constitutional rights with respect to certain prison conditions. (ECF No. 2 at 4-6). Although Willis requests monetary damages, it is evident that he is suing all three defendants in their official capacities. In his complaint, Willis identifies Western Regional Jail Administrator Michael Clark as the primary defendant, alleging that

"when [he] asked why [they] could not keep the mats they told [him] it was a rule set forth by Administrator Clark." (ECF No. 2 at 4). Willis also asserts that he "does not care about the money" and that he "just want[s] this to change so no other inmate has to go through this again."[2] (ECF No. 2 at 5). Based upon these statements, Willis appears to object to the WRJ policies in place regarding prisoners on suicide watch, which the defendants implemented in their professional capacities. Given that officers of the State acting in their official capacities are protected by sovereign immunity and are not persons for the purposes of § 1983, the undersigned respectfully **PROPOSES** that the United States District Judge **FIND** that the claims against defendants Michael Clark, Carl Aldridge, and Larry Parsons, in their official capacities, should be dismissed.

Moreover, as noted in the Defendants' answer, Defendant Parsons was not employed by the Regional Jail Authority during any of the dates of the alleged violations. On April 1, 2011, Parsons left retirement to become the executive director of the Regional Jail and Correctional Facility Authority.[3] In late January 2012, Parsons resigned from his position.[4] Accordingly, Parsons is not a proper party to this action. To the extent that Willis's complaint may be construed to include as defendants the appropriate executive directors in their role as head of the agency, they must also be dismissed given that the doctrine of *respondeat superior* is generally inapplicable to §

---

[2] Any effort by Willis to sue the defendants on behalf of other prisoners must fail as Willis clearly lacks standing to do so. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Willis's suit is "confined to redress for violation of his own personal rights and not one by him as a knight-errant for all prisoners." *Hummer v. Dalton*, 657 F.2d 621, 625-26 (4th Cir. 1981).

[3] *See* Press Release, West Virginia Department of Military Affairs and Public Safety, *New Executive Director of the West Virginia Regional Jail and Correctional Facility Authority Hired* (Mar. 14, 2011) (available at thttp://www.dmaps.wv.gov/ews/press_releases.

[4] Eric Eyre, *Regional Jails Chief Steps Down After 10-month Tenure*, Charleston Gazette, Feb. 2, 2012 (available at http://wvgazette.com/ News/201202020236).

1983 actions. *See Shakka v. Smith ("Shakka I")*, No. 93-7279, 1994 WL 319217, at *4 (4th Cir. 1994); *Miltier v. Beorn*, 896 F.2d 848, 854 (4th Cir. 1990); *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985). Accordingly, the undersigned respectfully **PROPOSES** that the United States District Judge **FIND** that all claims against Defendant Larry Parsons and/or any other executive director should be dismissed.

### B. Failure to State a Claim

Willis alleges that while on suicide watch at various times during his incarceration at WRJ, he was forced to sleep on the floor without a sleeping mat and in close proximity to the toilet; deprived of hand soap and eating utensils; and exposed to mold on the shower ceiling. (ECF No. 2 at 4-6). Willis states that he has suffered from "lower back pain and more trouble than usual sleeping" since the alleged incidents. (ECF No. 2 at 5).

To state a claim that is compensable at law, a complaint must include sufficient factual allegations to support a plausible cause of action. *Ashcroft v. Iqbal*, 556 U.S. 662, 677, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp.*, 550 U.S. at 570). The Supreme Court explained the "plausibility" standard in *Ashcroft v. Iqbal*, stating:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft*, 556 U.S. at 677 (quoting *Bell Atlantic Corp.*, 550 U.S. at 544) (internal citations omitted). Determining whether a complaint states a facially plausible claim for

relief is a "context-specific task that requires the court to draw on its judicial experience and common sense." *Ashcroft*, 556 U.S. at 679 (citing *Iqbal v. Hasty,* 490 F.3d 143, 157-158 (2nd Cir. 2007)). While the Court is required to accept as true the factual allegations asserted in the complaint, it is not required to accept the legitimacy of legal conclusions that are "couched as . . . factual allegation[s]." *Ashcroft*, 556 U.S. at 677, (quoting *Bell Atlantic Corp.*, 550 U.S. at 554

Willis alleges that he is entitled to relief under 42 U.S.C. § 1983. Title 42 U.S.C. § 1983 provides as follows:

> Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

In order to state a cause of action under § 1983, Willis must present facts showing that: (1) a person (the defendant) deprived him of a federally protected civil right, privilege or immunity and (2) that the defendant did so under color of state law. *Perrin v. Nicholson*, No. 9:10-1111-HFF-BM, 2010 WL 3893792, at *2 (D.S.C. Sept. 8, 2010); *American Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50-52, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999). If either of these elements is missing, the complaint fails to state a claim for relief under 42 U.S.C. § 1983.

The Eighth Amendment to the United States Constitution "imposes duties on [prison] officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and

must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S.Ct. 1970, 12 8 L.Ed.2d 811 (1994). However, "the Constitution does not mandate comfortable prisons." *Rhodes v. Chapman*, 452 U.S. 337, 349, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). In fact, "to the extent that [prison] conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Id.* at 347. "In examining deprivations complained of by an inmate as a result of confinement, courts must balance 'the legitimate rights of the prisoner [with] the necessary concern and responsibility of the prison authorities for security and order.'" *Crowe v. Leeke*, 540 F.2d 740, 741 (4th Cir. 1976) (quoting *Sweets v. South Carolina Dep't of Corr.*, 529 F.2d 854, 860 (4th Cir. 1975)).

To state an Eighth Amendment claim based on prison conditions, an inmate must allege (1) an objective element—that the prison official's action was sufficiently serious to deprive the inmate of the minimal civilized measure of life necessities; and (2) a subjective element—that the prison official's actual state of mind was one of "deliberate indifference" to the effect of the deprivation on the inmate's health or safety. *Farmer*, 511 U.S. at 834. In order "to satisfy the objective component of an Eighth Amendment claim, a prisoner must 'produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions' or demonstrate a substantial risk of such serious harm resulting from the prisoner's unwilling exposure to the challenged conditions." *Shakka v. Smith ("Shakka II")*, 71 F.3d 162, 166 (4th Cir. 1995). In this case, Willis's complaint lacks the necessary factual basis to establish the existence of an extreme or unconscionable condition of confinement that would suffice to state an actionable Eighth Amendment claim.

### 1. *Deprivation of Sleeping Mat*

Willis contends that while on suicide watch, he was deprived of a sleeping mat for 17 hours each day and once for 41 hours straight. (ECF No. 2 at 4-6). These allegations simply do not rise to the level of an Eighth Amendment violation. Although "being deprived of a mattress for several months could, under some circumstances, rise to the level of a constitutional violation," *Thompson v. Patterson*, 2011 WL 5024344, at *6 (D.S.C. July 13, 2011), a cursory review of recent cases in the Fourth Circuit confirms that short term mattress deprivations, such as those alleged in this case, do not amount to Eighth Amendment violations. *See Wilson v. Cleveland County Sheriff's Dept.*, 2012 WL 2090605, at *3 (W.D.N.C. June 11, 2012) (dismissing case for failure to state a claim where prisoner alleged being deprived of a sleeping mat for twelve hours per day); *Thompson*, 2011 WL 5024344, at *6 (finding no violation where prison warden ordered prisoner be deprived of a mattress for seventy-two hours); *Holley v. Johnson*, 2010 WL 2640328, at *13 (W.D.Va. June 30, 2010) (finding that prisoner's allegations of a two-day "deprivation of mattress and eating utensils" among other conditions did not support an Eighth Amendment conditions claim); *Garabedian v. Lanteigne*, 2010 WL 785311, at *8 (E.D.Va. Mar. 3, 2010) (finding no violation where "the times plaintiff spent sleeping on the floor were intermittent and reflect no deliberate indifference on the part of [the defendant]"); *Lurz v. Galley,* 2011 WL 502858 (D.Md. Feb. 10, 2011) (finding that six days without a mattress, blanket, toilet paper, and hygiene products did not constitute an extreme deprivation under the Eighth Amendment); *Sayre v. McBride*, 2008 WL 373681, at *1 (S.D.W.V. Feb. 12, 2008) (adopting Magistrate Judge's finding that "requiring an inmate to sleep on the floor for one night does not amount to

cruel and unusual punishment").

These cases are consistent with decisions of courts in other circuits that have addressed similar claims involving temporary mattress deprivation. *See Fischer v. Ellegood*, 238 Fed. Appx. 428, 433 (11th Cir. 2007) (finding no violation where prisoner was forced to sleep without a mattress on "the bare cement floor" for five days); *Grissom v. Davis*, 55 Fed. Appx. 756, 757-58 (6th Cir. 2003) (holding that prisoner alleging a seven day mattress deprivation failed to state a claim); *Williams v. Delo*, 49 F.3d 442, 446 (8th Cir. 1995) (finding no violation where prisoner was deprived of a mattress and bedding for four days); *Schroeder v. Kaplan,* 1995 WL 398878, at *3 (9th Cir. 1995) (dismissing case where prisoner alleged being forced to sleep on the concrete floor for the majority of a month); *Stephens v. Cottey,* 154 Fed. Appx. 179, 180 (7th Cir. 2005) (finding that three days sleeping on a bed frame with no mattress was not extreme deprivation); *Mosley v. Bishop*, 2009 WL 1564778, at *5-6 (S.D. Ala. June 1, 2009) (dismissing for failure to state a claim where prisoner alleged being forced to sleep on a "cold, raw steel slab" for nine days); *Castro v. Chesney*, 1998 WL 767467, at *8 (E.D. Pa. Nov. 3, 1998) (finding that "Plaintiff's allegation that he was deprived of a mattress and blanket for a period of two days, even if proved, would not rise to the level of a constitutional violation"). Consequently, Willis's complaints that he was deprived of a sleeping mat for 17 hours each day while on suicide watch and once for 41 hours straight, even if true, do not amount to violations of his Eighth Amendment rights.

### 2. Hygienic Concerns

Willis further asserts that he was subjected to the following unhygienic conditions while on suicide watch: (1) He was forced to sleep on the floor within 3.5 to 4

feet of the toilet, (ECF No. 2 at 4); (2) He was deprived of hand soap, (*Id.* at 5); (3) he was deprived of eating utensils, (*Id.*); and (4) there was mold on the shower ceiling. (*Id.*). Fourth Circuit courts routinely reject Eighth Amendment claims similar to these raised by Willis. Unquestionably, the failure to provide silverware does not constitute cruel and unusual punishment. *Johnson v. Shear*, 2011 WL 3880949, at *5 (W.D.Va. Sept. 1, 2011) ("[P]laintiff does not have a constitutional right to silverware"); *see also Tucker v. Olsen*, 2010 WL 5600907, at *3 (D.S.C. Oct. 20, 2010); *Johnson v. Nero*, 2010 WL 3469865, at *3 (D. Md. Aug. 31, 2010); *Holley*, 2010 WL 2640328, at *13; *Johnson v. S.C. Dept. of Corrections*, 2006 WL 4591782, at *3-4 (D.S.C. Nov. 14, 2006) (all dismissing claims that prisoner was deprived of eating utensils). Likewise, short term deprivations of hand soap do not amount to Eighth Amendment violations. *Binns v. Clarke*, 2012 WL 1438258, at *3 (W.D. Va. 2012) (dismissing for failure to state a claim where prisoner alleged he was not given "access to water, toilet paper, soap, toothpaste, and a toothbrush" for three days); *Woods v. United States*, 2012 WL 1005010, at *11 (W.D. Va. Mar. 22, 2012) (finding no violation where prisoner alleged that he was deprived of toothbrush, toothpaste, and soap for a maximum of seven days); *Holley*, 2010 WL 2640328, at *11 (finding no violation where prisoner alleged that he was kept "for two days in a cold cell without adequate clothing, bedding, eating utensils, toilet paper, soap, other hygiene products, or running water"); *Eakle v. Grover Rosencrance*, 2009 WL 6057260, at *3 (N.D.W. Va. 2009) (dismissing for failure to state a claim where prisoner alleged that he was denied soap, shampoo, deodorant, and toothpaste, among other conditions); s*ee also Harris v. Fleming*, 839 F.2d 1232, 1235-36 (7th Cir. 1988) (finding no violation where prisoner "was not provided with toilet paper for five

days . . . [and] lacked soap, toothbrush, and toothpaste for ten days."); *Schaeffer v. Schamp*, 2008 WL 2553474, at *5-6 (W.D. Pa. June 25, 2008) (finding no violation where prisoner was deprived of mattress, soap, toilet paper, and running water for ten days).

In regard to Willis's claims of finding mold on the shower ceilings and being forced to sleep within 3.5 to 4 feet of the toilet, Willis fails to satisfy the objective prong of an Eighth Amendment claim because he has not alleged any "serious or significant physical or emotional injury" or substantial risk thereof resulting from these conditions. *See Shakka I*, 71 F.3d at 166. Although such conditions may be cause for concern under some circumstances, Willis provides no facts establishing actual or substantial harm to his health or safety. *See Shrader v. White*, 761 F.2d 975, 984 (4th Cir. at 1985) (finding no Eighth Amendment violation where there was "no evidence of disease resulting from mold in the showers"); *Sims v. Lexington County Det. Ct.*, 2008 WL 216345, at *3-4 (D.S.C. 2008) (finding no violation where plaintiff alleged that he "had to sleep on the floor with a toilet above his head" when only *de minimis* injuries resulted); *see also Walters v. Berks County Prison,* 2012 WL 760849, at *1-2 (E.D. Pa. Mar. 9, 2012) (finding no violation where prisoner alleged that he was "forced to eat and sleep directly next to a toilet . . . emitting unpleasant odors"); *Thomas v. Cupp*, 2011 WL 4074875, at *3 (W.D. Ark. Aug. 26, 2011) (dismissing claim in part for failing to "allege any harm from any such policy" requiring plaintiff to sleep by toilet facilities). The only afflictions Willis alleges are "lower back pain and more trouble than usual sleeping," (ECF No. 2 at 5), both of which appear to be directed toward his complaint that he was deprived of a sleeping mat, and at any rate, constitute neither serious nor significant physical or

emotional injury. *See Beckwith v. Giroux*, 2002 WL 32356381, at *4 (D. Md. Aug. 8, 2002) (rejecting "low back pain" as a serious medical condition sufficient to support plaintiff's Eighth Amendment claim).

Having carefully reviewed Willis's complaint, the undersigned **FINDS** that Willis fails to state a plausible cause of action under § 1983; therefore, the complaint should be dismissed, with prejudice, pursuant to the screening provisions contained in 28 U.S.C. § 1915A and Fed. R. Civ. P. 12(b)(6).[5]

## IV. Proposal and Recommendation

For the reasons stated, the undersigned respectfully **PROPOSES** that the United States District Court accept and adopt the proposed findings and **RECOMMENDS** that:

1. Plaintiff's Complaint, (ECF No. 2), be **DISMISSED**, **with prejudice**;

2. Plaintiff's Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), be **DENIED**; and

3. This case be removed from the Court's docket.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the

---

[5] Defendants also assert as an affirmative defense Willis's failure to exhaust administrative remedies. Title 42 U.S.C. § 1997e(a) provides that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies are exhausted." In this context, exhaustion generally occurs when a prisoner completes all steps of the prison's grievance procedure, *Jones v. Bock,* 549 U.S. 199, 218, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007); a failure to do so bars suit under § 1983. Here, it does not appear that Willis has exhausted his administrative remedies. However, inasmuch as the record is not sufficiently developed to establish that fact and the complaint is subject to dismissal regardless of whether administrative exhaustion has occurred, the undersigned does not address that defense herein.

parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Chambers, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the Plaintiff, Defendants, and any counsel of record.

**FILED:** October 9, 2012.

Cheryl A. Eifert
United States Magistrate Judge